**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21133



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| Kristina Sarich,<br><br>      Plaintiff,<br><br>v.<br><br>Credit Control Services, Inc.d/b/a Credit Collection Services,<br><br>      Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Kristina Sarich, by and through the undersigned counsel, complains, states, and alleges against defendant Credit Control Services, Inc.d/b/a Credit Collection Services as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Credit Control Services, Inc.d/b/a Credit Collection Services because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Kristina Sarich ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Westchester County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Credit Control Services, Inc.d/b/a Credit Collection Services ("Defendant") is a company existing under the laws of the State of Massachusetts, with its principal place of business in Norwood, Massachusetts.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. On or about February 12, 2020, Plaintiff's infant son received medical services from Quest Diagnostic Incorporated.

16. At the time the services were provided, Plaintiff's infant son was covered under a Preferred Provider Organization ("PPO") through Lucent Health.

17. At the time the services were provided, Quest Diagnostic Incorporated was advised that Plaintiff was covered by a PPO through Lucent Health.

18. New York State law forbids the billing of any unpaid balance directly to a patient who is covered by a PPO.

19. Despite being covered by a PPO through Lucent Health, Quest Diagnostic Incorporated alleges Plaintiff owes an unpaid balance of $630.81.

20. The alleged unpaid balance of $630.81 represents such unlawful balance billing.

21. At an exact time known only to Defendant, Quest Diagnostic Incorporated hired Defendant to collect the unlawful balance billing (the "alleged Debt") directly from Plaintiff.

22. In its efforts to collect the alleged Debt, Defendant caused correspondence, including a collection letter dated January 17, 2021, to be sent to Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

23. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

24. 15 U.S.C. § 1692e protects Plaintiff's concrete interests and rights.

25. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

26. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

27. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

28. As set forth herein, Defendant deprived Plaintiff of these rights.

29. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

30. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

31. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

32. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

33. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

34. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

35. A favorable decision herein would redress Plaintiff's injury with money damages.

36. A favorable decision herein would serve to deter Defendant from further similar conduct.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

40. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

41. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

42. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

43. As set forth in paragraphs 15 through 20 of this Complaint, Plaintiff did not owe the alleged Debt.

44. As set forth in paragraphs 15 through 20 of this Complaint, Plaintiff did not owe money to Quest Diagnostic Incorporated.

45. As such, Defendant's allegation that Plaintiff owed alleged Debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

46. Defendant's allegation that Plaintiff owed money to Quest Diagnostic Incorporated is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

47. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

48. Defendant's allegation that Plaintiff owed money to Quest Diagnostic Incorporated is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

49. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

50. Defendant's allegation that Plaintiff owed money to Quest Diagnostic Incorporated is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

51. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

52. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

  a. Finding Defendant's actions violate the FDCPA; and

  b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

  c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

  d. Awarding the costs of this action to Plaintiff; and

  e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

  f. Such other and further relief that the Court determines is just and proper.

DATED: April 13, 2021

            **BARSHAY, RIZZO & LOPEZ, PLLC**

            By: s/ *David M. Barshay*
            David M. Barshay, Esquire
            445 Broadhollow Road | Suite CL18
            Melville, New York 11747
            Tel: (631) 210-7272
            Fax: (516) 706-5055
            Our File No.: BRL21133
            *Attorneys for Plaintiff*